**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**KARRA M. BARRETT,**

                      **Plaintiff,**

         -v-                                              **18-CV-1425JLS(Sr)**

**NEW YORK STATE,**
**OFFICE FOR PEOPLE WITH**
**DEVELOPMENTAL DISABILITIES,**

                      **Defendant.**
_____


**REPORT, RECOMMENDATION AND ORDER**

        This case was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #8.

        Currently before the Court is the motion to dismiss plaintiff's Amended Complaint filed by defendant Kerri Neifeld, Commissioner of the New York State Office for People with Developmental Disabilities ("NYSOPWDD"), who is sued in her official capacity ("Commissioner").[1] Dkt. #20. For the following reasons, it is recommended that defendant's motion to dismiss be granted in part and denied in part, and that plaintiff's construed motion to file her Second Proposed Amended Complaint be granted.

---

[1]1 Plaintiff's Amended Complaint named Dr. Theodore Kastner as the Commissioner, but he has since been succeeded by Kerri Neifeld. Dkt. #20-1, p. 2. Rule 25(d) of the Federal Rules of Civil Procedure provides for automatic substitution of official-capacity defendants.

[1]

## **BACKGROUND**

The Court has previously set forth the alleged facts and background of this case, Dkt. #17, and it incorporates them here. A brief review of the procedural history, however, is necessary.

Plaintiff commenced this action, *pro se*, on December 6, 2018, alleging claims for disability discrimination and failure to accommodate under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), naming the NYSOPWDD as the sole defendant. Dkt. #1.

Plaintiff was subsequently granted leave to proceed *in forma pauperis*, and the Complaint was served on the NYSOPWDD on September 13, 2019. Dkt. #4.

The NYSOPWDD then moved to dismiss plaintiff's complaint on Eleventh Amendment grounds, Dkt. #5, and plaintiff moved for leave to amend her Complaint to add the Commissioner as a defendant and to add claims under the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 29 U.S.C. § 794 *et seq.* Dkt. #9.

The NYSOPWDD opposed plaintiff's motion for leave to amend, arguing that plaintiff's proposed claims under the Rehabilitation Act were futile because she had not alleged that the NYSOPWDD receives federal funding so as to subject it to suit under

[2]

that statute. Dkt. #12, pp. 7-8. The NYSOPWDD also attacked the sufficiency of the pleading as to other aspects of plaintiff's claims.

On January 22, 2020, plaintiff filed three documents: her reply memorandum in support of her motion for leave to amend the complaint; an affidavit; and a Second Proposed Amended Complaint. Dkt. ##13-15. In her reply, plaintiff stated:

> Although Plaintiff contends her initial Proposed Amended Complaint, submitted with her Notice of Motion and initial Memorandum of Law, is sufficient in all aspects to survive a motion to dismiss, Plaintiff nevertheless submits a Second Proposed Amended Complaint for the Court's consideration in the event the Court agrees with any of Defendant's arguments.

Dkt. #13, p. 5 n.1. Both plaintiff's affidavit and the Second Proposed Amended Complaint expressly allege that the NYSOPWDD receives federal financial assistance. Dkt. #14, ¶ 9; Dkt. #15, ¶ 8.

When briefing was complete, the undersigned issued a Report and Recommendation recommending that the NSYOPWDD's motion to dismiss be granted without prejudice and that plaintiff be permitted to file her first amended complaint. Dkt. #17. The Court noted that the Proposed Second Amended Complaint had been filed and cited its factual allegations, but it did not discuss the pleading's status.

In a Decision and Order filed on March 29, 2022, Judge John L. Sinatra, Jr. accepted the above recommendations and referred the matter back to the undersigned for further proceedings. Dkt. #18. Judge Sinatra noted that the case should proceed to

[3]

discovery and that, upon motion by any defendant, the Court would "evaluate Barrett's claims and evidence under the summary judgment standard." Dkt. #18, p. 2.

The undersigned then directed the Clerk of Court to file plaintiff's first Amended Complaint and instructed the Commissioner to answer or otherwise respond by August 22, 2022. Dkt. #19.[2] The Commissioner filed the current motion to dismiss on August 24, 2022. Dkt. #20.

## DISCUSSION AND ANALYSIS

**The Second Proposed Amended Complaint**

Before proceeding to the merits, the Court will address the status of plaintiff's Second Proposed Amended Complaint.

Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure permits a party to amend its pleading, to which a responsive pleading is required, once as a matter of course within 21 days after service of the pleading or a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Here, plaintiff filed her Second Proposed Amended Complaint on January 22, 2020, approximately three months after the NYSOPWDD filed its motion to dismiss.

---

[2] The Clerk of Court has now filed the Amended Complaint, *nunc pro tunc*. Dkt. #26.

Dkt #15. Plaintiff also did not file a motion seeking leave to file the proposed amended pleading. Plaintiff thus has not complied with Rule 15.

However, "a party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation," and hence "courts are, for example, to construe a *pro se* litigant's pleadings and motions liberally." *Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010) (*quoting In re* Sims, 534 F.3d 117, 133 (2d Cir.2008)) (internal quotation marks omitted).

The Second Proposed Amended Complaint does not seek to add claims or parties, and a comparison with the Amended Complaint shows that the differences between the two pleadings are minimal. Plaintiff now expressly alleges that the NYSOPWDD receives federal funding, an allegation that is also found in her affidavit. Dkt. #14, ¶ 9; Dkt. #15, ¶ 8. The Proposed Second Amended Complaint otherwise merely adds additional, but limited, details regarding how plaintiff's impairments affect her, the nature of her request for FMLA leave in April 2017, and her request for a schedule change in March 2018. Dkt. #15, ¶¶ 10-13, 31. And, plaintiff explained in her reply memorandum in support of her motion for leave to file her first Amended Complaint that she was submitting the Proposed Second Amended Complaint in response to arguments made in the NYSOPWDD's motion to dismiss. Dkt. #13, p. 5 n.1.

Accordingly, it is recommended that the Court construe plaintiff's filing of the Second Proposed Amended Complaint as a motion for leave to amend and that the

[5]

motion be granted. *See, e.g., Pudlin v. Office For (Not of) Civil Rights of the U.S. Dep't of Educ.*, 186 F. Supp.3d 288, 295 (S.D.N.Y. 2016) (holding that, in light of plaintiff's *pro se* status, the Court would consider the filing of an otherwise improper amended complaint as a request for leave to amend).

### Failure-to-Promote Claims

The Court has previously set forth the Rule 12(b)(6) standard and incorporates it here. Dkt. #17, pp. 9-11.

The Commissioner first argues that plaintiff's failure-to-promote claims fail because she failed to plead the specific positions to which she was not promoted. This argument is not well taken.

First, the Proposed Second Amended Complaint specifically identifies two positions for which plaintiff applied and was denied despite her qualifications: Habilitation Specialist I and Qualified Intellectual Disability Professional. Dkt. #15, ¶¶ 15-23. Plaintiff further alleges that she applied for "at least six" other "higher-level" positions than her Direct Support Assistant position. Dkt. #15, ¶ 21. The Court has already held that such allegations meet the Rule 12(b)(6) plausibility standard for a failure-to-promote claim. Dkt. #17, p. 13.

The Commissioner relies on *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998), for its argument that plaintiff's claim based on allegations regarding

six "other" positions for which she applied must be dismissed because she does not identify those positions with specificity. Dkt. #20-1, p. 8. The viability of *Brown*, however, has been called into question in light of subsequent United States Supreme Court precedent, although some district courts in this Circuit continue to apply it in the way that the Commissioner urges. *See Barrett v. Forest Labs., Inc.*, 39 F. Supp.3d 407, 441 (S.D.N.Y. 2014).

Given plaintiff's *pro se* status, as well as Judge Sinatra's observation that plaintiff's claims should be subject to discovery, it is recommended that the motion to dismiss plaintiff's failure-to-promote claims be denied. If plaintiff cannot identify during discovery the other positions for which she allegedly applied, defendants may so argue on summary judgment.

**The Commissioner's Knowledge of Plaintiff's Disability**

The Commissioner next argues that plaintiff's claims for disability discrimination under the ADA and the Rehabilitation Act fail because her allegation that she applied for and received FMLA leave in April 2017 does not show that the Commissioner had knowledge of her disability. The pleadings reflect otherwise.

Plaintiff's first Amended Complaint specifically pleads that she "first informed Defendants of her disabilities on or about April 27, 2017" when she applied for FMLA leave. Dkt. #9-1, ¶ 11. Plaintiff's Proposed Second Amended Complaint repeats that allegation and adds that she noted on her FMLA request that the purpose of the

[7]

requested leave was to treat her own "serious health condition" which was "depression and anxiety." Dkt. #15, ¶ 13.

The Commissioner also argues that plaintiff continued to work after April 2017 and did not request an accommodation until March 2018. This is immaterial and does not negate the fact that plaintiff plausibly alleges that she informed defendants of her alleged disabilities in April 2017.

The Commissioner also attempts to conflate plaintiff's allegations regarding her childcare problems with her allegation that she is disabled. Dkt. #20-1, pp. 10-11. This is a red herring. Plaintiff does not allege that her childcare difficulties gave rise to her impairments, but rather that those difficulties exacerbated the impact of her preexisting depression and anxiety on her daily life activities. Dkt. #15, ¶ 11.

The Commissioner's reliance on *Dolac v. County of Erie*, Case No. 17-CV-1214 (JLS), 2020 WL 2840071 (W.D.N.Y. June 1, 2020), is thus misplaced. There, the plaintiff sought leave to care for her terminally ill husband. *Id.* at* 2. The Court concluded that she had alleged only that she was temporarily depressed as a result of her husband's illness, that caring for an ill relative does not constitute a disability, and that she had failed to plead facts from which one could reasonably infer that her employer was on notice that she claimed to be disabled. *Id.* at *3-*4.

Accordingly, it is recommended that the Commissioner's motion to dismiss on these grounds be denied.

### "But-For" Causation

The Commissioner next argues that plaintiff has failed to plead that she would have been promoted "but for" disability discrimination.

First, Judge Sinatra has already adopted the recommendation that plaintiff's pleadings "plausibly allege an inference of discrimination for purposes of a failure to promote claim." Dkt. #17, p. 13.

Second, while the Commissioner cites *Harris v. Human Resources Administration*, Case No. 20Civ2011 (JPC), 2022 WL 3100663 (S.D.N.Y. Aug. 4, 2022), for the assertion that plaintiff must allege that she would not have experienced an adverse employment action but for her disability, that is a subtle, but material, misquote of that case. What *Harris* holds is that a plaintiff must *allege facts* from which a reasonable inference of such causation may be drawn. *Id.* at *8. And plaintiff has done so.

It is thus recommended that the Commissioner's motion to dismiss on this basis be denied.

### Termination Because of a Disability

The Commissioner makes a similar argument as to plaintiff's termination

claim, *i.e.,* that she has not sufficiently pled that her disability was the basis for that adverse action. Dkt. #20-1, pp. 12-13. Again, however, the Court has already found plaintiff's allegations plausible in this regard. Dkt. #17, p. 14.

The Commissioner alludes to plaintiff's long-term disability leave, stating that her failure to allege the reason for that leave is problematic because "it leaves the Court to speculate about the nature of her disability." Dkt. #20-1, p. 12. That is incorrect. Plaintiff has clearly alleged that the disabilities upon which her claims are premised are her anxiety and depression. Whether her long-term disability leave was based on the same conditions or on unrelated illness is immaterial.

It is thus recommended that the Commissioner's motion to dismiss on this basis be denied.

**Plaintiff's Retaliation Claims**

The Commissioner makes several arguments regarding plaintiff's retaliation claims. First, she asserts that plaintiff's request for FMLA leave and a call she made to the U.S. Department of Labor do not constitute "protected activity." But, as this Court has already noted, plaintiff's request for a reasonable accommodation constitutes protected activity. Dkt. #17, p. 15. Further, plaintiff filed a complaint of discrimination with the New York State Division of Human Rights on January 3, 2018, Dkt. #15, ¶ 30, which is also protected activity.

Next, the Commissioner's arguments regarding temporal proximity have already been rejected by the Court, Dkt. #17, p. 16, and discovery should be had to determine the exact timing of actions that plaintiff contends were retaliatory. Should the evidence not support a finding of causation, defendants may so argue on summary judgment.

The Commissioner's final argument as to retaliation is that plaintiff may not "bootstrap a failure to accommodate claim onto a retaliation claim." Dkt. #20-1, p. 16. She cites *Whatley v. Dep't of Children and Families*, Case No. 3:13-cv-1858 (RNC), 2019 WL 7067043, at *18 (D. Conn. Dec. 23, 2019), for this proposition. That case states:

> If a plaintiff requests accommodation, there are two possible outcomes: acceptance of the request or denial. Denial of a non-meritorious request is a correct decision, not retaliation. Denial of a meritorious request is, by definition, disability discrimination for failure to accommodate. It cannot also be the basis of a retaliation claim.

*Id.* This holding is narrow and applies where the alleged protected activity is the accommodation request itself. *Id.*

Whether a failure to accommodate may constitute retaliation directed at protected activity other than an accommodation request—for example, filing a complaint of discrimination—is a different question. The Commissioner cites no authority for the proposition that it may not. And, the Court has already noted that the definition of an "adverse employment action" in the context of a retaliation claim is broader than that for claims of discrimination. Dkt. #17, p. 15. Plaintiff should be permitted to explore this theory

[11]

in discovery, and defendants may raise the issue again on summary judgment.

Accordingly, it is recommended that the Commissioner's motion to dismiss plaintiff's retaliation claims be denied.

### Exhaustion for the ADA Failure-to-Accommodate Claim

The Commissioner's final argument in its motion to dismiss has merit: that plaintiff failed to exhaust her ADA failure-to-accommodate claim.

The ADA's exhaustion provision requires that a claimant file an administrative complaint with the EEOC within 300 days of the discriminatory act. *Kornmann v. City of New York Business Integrity Comm'n*, 467 F. Supp.3d 54, 59-60 (E.D.N.Y. 2020) (citing 42 U.S.C. §§ 2000(e)-(5)(e)(1); 42 U.S.C. § 12117; *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).

Claims that are not included in a charge of discrimination may be pursued in federal court only if they are "reasonably related" to claims that were filed with the agency, which is interpreted to mean that the claim would be expected to fall within the scope of the agency's investigation. *Spillers v. City of New York Health & Hosp. Corp.*, Case No. 15-CV-06472, 2017 WL 4326505, at*3 (E.D.N.Y. Sept. 28, 2017).

Plaintiff does not dispute that she failed to include her ADA failure-to-accommodate claim in the complaint she filed with New York State Division of Human

Rights, which was later incorporated into the EEOC's determination. Under the section titled "Acts of alleged discrimination," plaintiff did not check the box which stated: "Denied me an accommodation for my disability or pregnancy-related condition." Dkt. #9-1, p. 14; Dkt. #15, p 15. Nor is a failure to accommodate mentioned in her narrative of events she believed to be discriminatory or retaliatory. *Id.*

Further, the failure-to-accommodate claim would not be expected to fall within the scope of the agency's investigation because, as the Commissioner notes, plaintiff filed her charge on January 3, 2018, and she did not make a request for the accommodation of a schedule change until March of that year. Dkt. #15, ¶ 31.

It is therefore recommended that plaintiff's ADA failure-to-accommodate claim be dismissed.[3]

## CONCLUSION

For the foregoing reasons, it is recommended that the Commissioner's motion to dismiss (Dkt. #20) be granted as to plaintiff's ADA failure-to-accommodate claim and denied in all other respects. It is further recommended that plaintiff's filing of the Proposed Second Amended Complaint (Dkt. #15) be construed as a motion for leave to file that complaint and that the motion be granted.

---

[3] This would not affect plaintiff's failure-to-accommodate claim under the Rehabilitation Act. Dkt. #15, ¶¶ 56-59.

[13]

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:     Buffalo, New York
           August 30, 2023

<u>s/ H. Kenneth Schroeder, Jr.</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**